| | |
|---|---|
| ERIC JOHNSON;  <br>  81 Slaughter Pen Road  <br>  Ardmore, TN 38449  <br>  <br>VOLHA ALEKSANDROVNA BORYS  <br>  Zdunow 18K Apt. 26  <br>  Krakow 30-428  <br>  Poland  <br>  <br>                Plaintiff(s)  <br>  <br>                   v.  <br>  <br>  <br>ANTONY J. BLINKEN, in his official  <br>capacity, Secretary, U.S. Department of State;  <br>RENA BITTER, in her official capacity,  <br>Assistant Secretary, Bureau of Consular  <br>Affairs;  <br>MARK BRZEZINSKI, in his official capacity,  <br>Ambassador, United States Embassy, Warsaw,  <br>Poland;  <br>JOHN DOE, in his official capacity, Consular  <br>Officer, U.S. Consulate, Warsaw, Poland,  <br>    U.S. Department of State  <br>    2201 C St. NW  <br>    Washington, DC 20520  <br>  <br>                Defendant(s). | Civil Action No 4:23-cv-41 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, Indiana 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COME NOW ERIC JOHNSON (hereinafter "Plaintiff JOHNSON" or collectively "Plaintiffs") and VOLHA ALEKSANDROVNA BORYS (hereinafter "Plaintiff BORYS" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Defendants' failure to complete the adjudication of Plaintiff BORY's K-1 Fiancé(e) visa Application (hereinafter "Application") within a reasonable period of time. As a result of the Defendants' unreasonable delay, Plaintiff BORYS has been forced to live without her U.S. citizen fiancée, Plaintiff JOHNSON for an unreasonably long period of time.

2. In recognition of the special place that spouses and fiancé(e)s of U.S. citizens hold in immigration law, Congress has mandated that it shall be the policy of the State Department to process each application for a spouse or K-1 fiancé(e) of a U.S. citizen within 30 days of receipt of all necessary documents from the applicant and the USCIS. 8 U.S.C. § 1201 note 6, Act Sept. 30, 2002, P.L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373.

3. Plaintiff properly and completely submitted her Form DS-160 on August 30, 2022, and thereafter attended her visa interview with the U.S. Embassy in Warsaw, Poland, on March 31, 2023. On March 31, 2023, the same day as the interview, Plaintiff was given a notice informing her that the case would be placed in administrative processing pending further review and the need for additional information pertaining to her advanced degree. Plaintiff BORYS provided the requested information almost immediately.

4. Despite properly submitting the Application, appearing for an interview, and providing the requested supplemental information, post interview, Plaintiff BORYS's visa application has

remained in administrative processing for over seven months (216 days) since the date of her interview without completion of processing or any explanation beyond a generic statement that the case is in "administrative processing."

5. The U.S. Embassy in Warsaw, Poland, has not taken any further action on the Application since Plaintiff BORYS completed her interview. The U.S. Embassy cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff BORYS's visa Application as Plaintiff has provided the Embassy with all necessary information to adjudicate her visa Application and proceed with the final adjudication of her Application.

6. Due to the Defendant's unreasonable delay, Plaintiffs cannot marry each other while waiting for the fiancé(e) visa process to continue as this will disqualify the visa Application from being adjudicated and approved. If Plaintiff JOHNSON and Plaintiff BORYS marry, they will then be forced to pursue a marriage-based visa application, which would force them to live in separate countries for an even longer period of time.

7. Plaintiff BORYS has a clear right to the adjudication of her Application within a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

8. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

9. Plaintiff ERIC JOHNSON is a U.S. citizen and the petitioner of an approved form I-129F, naming his foreign fiancée, Plaintiff BORYS, as the named beneficiary. (Receipt # WAC2290010672) **[Exhibit A].**

10. Plaintiff BORYS is a citizen of Republic of Belarus and the beneficiary of an approved I-129F by virtue of her relationship to her U.S. citizen fiancée, Plaintiff JOHNSON. Plaintiff BORYS is also the fiancée visa applicant in this matter.

11. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies. This action is filed against him in his official capacity.

12. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in her official capacity.

13. Defendant MARK BRZEZINSKI is the Ambassador of the United States to Poland. He is the principal officer in charge of the Embassy. This action is filed against him in his official capacity.

14. Defendant JOHN DOE is a Consular Officer at the United States Embassy in Warsaw, Poland. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

15. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

16. Venue is proper in the District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff JOHNSON resides and no real property is involved.

## EXHAUSTION OF REMEDIES

17. Plaintiffs have repeatedly requested the Defendants to take action on Plaintiff BORYS's visa Application and complete the adjudication of the same. Furthermore, Plaintiffs have initiated numerous inquiries directly with the U.S. Embassy in Warsaw, Poland, and through Congressman Scott DesJarlais's Office, and through the CIS Ombudsman's Office, all without any resolution. The Plaintiffs have exhausted their administrative remedies. Plaintiff BORYS has supplied the NVC and U.S. Embassy in Warsaw, Poland, with documents that establish Plaintiff BORYS's eligibility to receive a fiancé(e) visa to come to the United States.

18. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

19. On April 13, 2022, Plaintiff BORYS became the beneficiary of an approved Form I-129F (Receipt# WAC2290010672), Petition for Fiancé(e). She continues to qualify as a beneficiary based on her relationship to Plaintiff JOHNSON.

20. On August 15, 2022, Plaintiff JOHNSON's approved Form I-129F was sent to the National Visa Center (NVC) by the United States Citizenship and Immigration Service ("USCIS") for processing of the K1 Visa, though NVC denied receipt of the approved petition for almost eight months, and it was not until March 9, 2023, that the NVC finally acknowledged receipt of the approved Petition. **[Exhibit A]**.

21. On March 31, 2023, Plaintiff BORYS completed her scheduled interview at the U.S. Embassy in Warsaw, Poland. **[Exhibit B]**.

22. At the conclusion of the interview, Plaintiff BORYS was asked to provide the Embassy with supplemental information, which she did almost immediately, submitting the requested information to the Embassy. Plaintiff BORYS's Application now continues to be in administrative processing for over seven months (216 days), since Plaintiff BORYS completed her K1 visa interview even though the U.S. Embassy in Warsaw, Poland, has all the necessary documentation to proceed with a final adjudication of her visa Application.

23. Since March 31, 2023, Plaintiffs have made numerous requests for the adjudication of Plaintiff BORYS's case, all without receiving any meaningful response from the U.S. Embassy in Warsaw, Poland.

24. Plaintiff BORYS's Application remains to be in administrative processing status with the U.S. Embassy for over seven months (216 days) and is likely to continue in this status for months or even years without judicial intervention.

25. The U.S. Embassy in Warsaw has yet to provide further explanation which would merit the need for over seven months (216 days) of administrative processing time since she completed her interview, when all the required information has been gathered and even approved.

26. Plaintiff has endured significant financial and emotional hardships as a result of the unreasonable period of time that Plaintiff BORYS's case has been pending without final adjudication.

27. Plaintiff JOHNSON and Plaintiff BORYS are unable to begin their lives together as a married couple given that Plaintiff BORYS's visa Application will be denied if they do marry prior to the fiancé(e) visa being issued.

**VIOLATION OF THE APA**

28. All prior paragraphs are re-alleged as if fully stated herein.

29. Plaintiff BORYS has a statutory right to apply for a fiancé(e) visa pursuant to 8 U.S.C. §1184(d).

30. Defendants have a duty to adjudicate Plaintiff BORYS's Application within a reasonable period of time under 5 U.S.C. §555(b).

31. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

32. No other adequate remedy is available to Plaintiff BORYS.

33. Defendants have conducted the initial investigation and have sufficient information and documentation about the Plaintiff to complete the adjudication of Plaintiff BORYS's Application.

34. Congress has mandated that it shall be the policy of the State Department to process each application for a K-1 fiancé(e) of a U.S. citizen within 30 days of receipt of all necessary documents from the applicant and the USCIS. 8 U.S.C. § 1201 note 6, Act Sept. 30, 2002, P.L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373.

35. Plaintiff BORYS's Application remains in administrative processing for over seven months (216 days) since she completed her interview, which is well over the 30 days prescribed by law.[1]

36. Given the Defendants' lack of a sufficient reason for not adjudicating Plaintiff BORYS's Application for over seven months (216 days), Plaintiff BORYS's Application has been pending for an unreasonably long period of time.

---

[1] https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/wait-times.html.

37. Defendants cannot use COVID-19 as an excuse as any required in-person interactions have already taken place. Plaintiff BORYS's visa Application remains in administrative processing for a total period of 216 days since it was received by NVC.

38. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff BORYS's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff BORYS's case.

40. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff BORYS's U.S. citizen fiancé, Plaintiff JOHNSON's, due process rights pertaining to his familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff BORYS's Application, thereby depriving Plaintiff JOHNSON and Plaintiff BORYS of the rights to which they are entitled.

41. In addition, as a result of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, their entire lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for the adjudication of Plaintiff BORYS's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

8

Case 4:23-cv-00041-TRM-SKL   Document 1   Filed 11/02/23   Page 8 of 9   PageID #: 8

3. That the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: November 2, 2023

Respectfully submitted,

    /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*